UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| JERMAINE JONES | : | PRISONER<br>CIVIL NO. 3:03CV595 (JBA)(JGM) |
| V. | : | |
| LARRY MYERS, ET AL. | : | JUNE 9, 2004 |

## ANSWER

The undersigned defendants hereby answer the plaintiff's Amended Complaint dated July 22, 2003. Due to the plaintiff's failure to draft his complaint in accordance with the Federal Rules of Civil Procedure, the defendants are unable to respond accordingly and submit as follows:

1. The undersigned defendants admit that the plaintiff is a pro se inmate who, on December 20, 2002, was incarcerated at Northern Correctional Institution ("Northern") in Somers, Connecticut.

2. Defendants Myers, Coates, Regan, Marinelli, Salius and Duscharme admit that, on December 20, 2002, they were employees of the Connecticut Department of Correction at Northern.

3. The undersigned defendants make no admission in regard to a defendant named as K-9 (dog) Mike.

4. The undersigned defendants admit that on December 20, 2002, at approximately 5:00 p.m., the plaintiff was involved in a physical altercation with his cellmate in which a weapon was utilized.

5. The undersigned defendants admit that due to the inmates' failure to comply with lawful orders from correctional officials, chemical agent was utilized.

6. The undersigned defendants admit that due to the inmates' continued failure to comply with lawful orders from correctional officials, that a K-9 team was called to the cell.

7. The undersigned defendants admit that due to the plaintiff's continued failure to comply with lawful orders from correctional officials, the K-9 was deployed and succeeded in bringing the plaintiff to the prone position.

8. The undersigned defendant admit that after the plaintiff was placed in the prone position, he was secured by correctional staff in leg irons, decontaminated, and seen by members of Northern's medical staff.

9. The remainder of the plaintiff's allegations, and all requests for relief, are denied.

## **AFFIRMATIVE DEFENSES**

1. The plaintiff, an inmate, failed to exhaust his administrative remedies prior to bringing suit as required by the Prison Litigation Reform Act. Accordingly, the defendants are entitled to judgment as a matter of law.

2. The plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the defendants are entitled to judgment as a matter of law.

3. The plaintiff cannot demonstrate the requisite personal involvement of the named defendants in the alleged constitutional deprivation. Accordingly, the defendants are entitled to judgment as a matter of law.

4. At all times pertinent to this action, the defendants acted lawfully and in an objectively reasonable fashion, accordingly, they are entitled to Qualified Immunity.

DEFENDANTS
Larry Myers, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____/s/_____
Matthew B. Beizer
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct16304
E-Mail:  matthew.beizer@po.state.ct.us
Tel.: (860) 808-5450
Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 9th day of June, 2004:

Jermaine Jones #204600
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT  06080

_____/s/_____
Matthew B. Beizer
Assistant Attorney General