UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

JERMAINE JONES

v.

WARDEN LARRY MYERS, et al.

2004 DEC -9 P 4: 27

PRISONER
Case No. 3:03CV595(JGM)

U.S. DISTRICT COURT
NEW HAVEN, CT

## RULING AND ORDER

By motion dated November 8, 2004, plaintiff seeks a sixty-day extension of time to file his response to defendants' motion for summary judgment. Plaintiff's motion **[dkt. #39] is GRANTED**. Plaintiff shall file his response on or before **January 10, 2005**.

Pursuant to Vital v. Interfaith Medical Ctr., 168 F.3d 615 (2d Cir. 1999) and McPherson v. Coombe, 174 F.3d 276 (2d Cir. 1999), the court hereby gives notice to plaintiff that any factual assertions in the documents accompanying defendants' motion will be accepted as true unless plaintiff files affidavits or other documentary evidence to contradict defendants' assertions. Plaintiff may not simply rely on his complaint. Also, a memorandum is not sufficient to oppose defendants' motion. Plaintiff must respond to the motion for summary judgment with affidavits made on personal knowledge or other documentary evidence to show that there is a genuine issue of material fact for trial.[1]

---

[1] Rule 56(e), Fed. R. Civ. P., states:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

Furthermore, a party opposing a motion for summary judgment has obligations under Local Rule 56(c)2. That rule requires a party opposing summary judgment to include in his opposition papers a "Local Rule 56(c)2 Statement." The Local Rule 56(c)2 Statement is in response to the moving party's 56(c)1 Statement of Material Facts which sets forth the facts which the moving party contends are undisputed. Plaintiff must state whether he admits or denies each such fact. Plaintiff's 56(c)2 statement must also list in a separate section each issue of material fact which plaintiff contends must be tried. If plaintiff does not file a 56(c)2 statement, all material facts set forth in the defendants' Rule 56(c)1 statement will be deemed admitted.

If summary judgment is granted against plaintiff, the case will not proceed to trial. Instead, judgment will enter in favor of defendants and the case will be closed.

---

Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

2

**SO ORDERED** this __8th__ day of December, 2004, at New Haven, Connecticut.

> JOAN G. MARGOLIS
>
> UNITED STATES MAGISTRATE JUDGE

3