United States District Court
District of Connecticut

**FILED**

DEC 27 2004

2005 FEB -2 P 3:32

U.S. DISTRICT COURT
BRIDGEPORT, CONN

Jermaine Jones
v.
WARDEN, Larry Myers
Major, Thomas W. Coates
Captain, Matthew Regan
Lt, Dennis Marinelli
Lt, Scott Salius
K-9 Handler, McLaughlin, Frank Duscharme

Defendants, Being Sued in Individual and
Official Capacity

Case No. 3:03CV595(JBA)(JGM)

December 19, 2004

## OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I.

This case is a civil rights action filed by the plaintiff, Jermaine Jones, for punitive monetary damages under Title 42 U.S.C. § 1983, alleging deprivations of substantial liberties of his Fourteenth Amendment and cruel and unusual punishment in violation of the protections guaranteed by the Eighth Amendment, which "use of excessive force" was used by defendants with neglects, and deliberate indifference

The defendants have moved, pursuant to Rule (56) of the Federal Rules of Civil Procedure, to summary Judgment of the plaintiff's amended complaint. The plaintiff opposes defendants' Motion For Summary Judgment as improper. The plaintiff has presented a plain and clear notice to the defendants as to the claims asserted, their personal involvement, and the legal basis for recovery, thus meeting the requirements of Rule 8 of the Federal Rules of Civil Procedure.

### STANDARD OF REVIEW

When deciding a motion for summary Judgment on action for failure to state a claim upon which relief may be granted, the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor. <u>Cohen v. Koenig</u>, 25 F. 3d 1168 (2nd Cir. 1994). The purpose of a Motion for Summary Judgment is "merely to assess the legal feasibility of the complaint, not to assess the weight of the evidence which might be offered in support thereof." <u>Ryder Energy Distribution, v. Merill Lynch Commodities, Inc.</u>, 748 F. 2d 774, 779 (2nd Cir. 1984).

II.

ARGUMENT

The defendant's Motion for Summary Judgment dated October 22, 2004, should not be granted and the instant case should not be dismissed.

The defendant's Motion for Summary Judgment should be denied for the following reasons:

I. The Eleventh Amendment immunity does not preclude the plaintiff from maintaining a 42 U.S.C. § 1983 action;

II. The plaintiff does state a claim upon which relief can be granted;

III. The plaintiff has stated a claim against defendants, Warden Myers, Major Coates, Captain Regan, Lieutenants Salius, and Marinelli founded upon supervisory responsibility; and officer McLoughlin, Ducharme for his personal roll in utilizing the canine "excessively"

IV. The defendants are not entitled to qualified immunity for each of their acts asserted in the Amended Complaint

III.

The plaintiff is proceeding pro se and has alleged facts in his complaint sufficient to invoke federal jurisdiction and sufficient to present cognizable claims under 42 U.S.C. § 1983.

Therefore, the instant case should not be dismissed. Rather, the plaintiff should be allowed to proceed with his case and further substantiate his claims.

I. <u>THE ELEVENTH AMENDMENT IMMUNITY DOES NOT PRECLUDE THE PLAINTIFF FROM MAINTAINING A 42 U.S.C. § 1983 ACTION</u>

Defendants maintain that they are protected by the Eleventh Amendment to the United States Constitution which bars suits against the State. It has long been acknowledged "that an unconsenting state is immune from suits brought in Federal Courts by her own citizens as well as by citizens of another state." <u>Edelman v. Jordan</u>, 415 U.S. 651, 662 (1974). Absolute immunity is granted by the Eleventh Amendment to those governmental positions who must exercise discretion in performing the routines of their office. <u>Scheuer v. Rhodes</u>, 416 U.S. 232 (1974). In <u>Ex Parte Young</u>, 209 U.S. 123 (1908), the Supreme Court held that there is an exception to the immunity provided by the Eleventh Amendment.

IV.

while a person is prohibited from suing a state official in his or her official capacity for damages, a suit can be maintained against a state official for prospective injunctive relief. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1989). You can sue a state official for an injunction in his or her official capacity. *Kentucky v. Graham*, 473 U.S. 159 (1985). Federal court may award an injunction governing the state official's future conduct, but may not award retroactive monetary relief. *Edelman v. Jordan*, 415 U.S. 651, 673 (1978). In order to fall within the purview of the *Ex Parte* Young exception to the Eleventh Amendment immunity, the complaint name the official(s) responsible for the unconstitutional conduct. *Young*, 209 U.S. at 153-61. The plaintiff in the instant matter names, in his Amended Complaint, specific state officials responsible for neglecting the care of the plaintiff with Deliberate indifference, and "using excessive force" when the altercation was fully "under control." The plaintiff has requested prospective monetary relief, in that such legal and equitable relief as the court deems appropriate.

V.

VI.

## I. PLAINTIFF DOES STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The instant case should not be dismissed pursuant to Rule 12(b)(6) for failure to state a claim "showing that the pleader is entitled to relief." Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 113 S. Ct. 1160, 1163 (1993). Dismissal is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." Allen v. Westpoint Pepperell, Inc., 945 F.2d 40, 44 (2nd Cir. 1991) (quoting Conley 355 U.S. at 45-46); see also Goldman v. Belden, 754 F.2d 1059, 1065 (2nd Cir. 1985). This standard is to be applied with even greater force when the plaintiff presents claims of civil rights violations or when the complaint is submitted pro se. Eartan v. Sirdam, 947 F.2d 1011, 1015 (2nd Cir. 1991), cert. denied, 112 S. Ct. 1943 (1992). In addition, the pro se complaint is to be "liberally construed." Haines v. Kerner, 404 U.S. 519, 520-21 (1972). It is important to have civil rights claims decided on their merits, particularly when the plaintiff appears pro se. Younger v. Chernovetz, 792 F. Supp. 173, 175-76 (D. Conn. 1992). "The court must examine the pro se complaint to see whether the facts alleged, or any set of facts the [p]laintiff

might be able to prove, could provide a basis for recovery under 42 U.S.C. § 1983" <u>Id.</u>

Rule 8(a) supplements Rule 12(b)(6) by setting forth requirements of a claim for relief. Under the Federal Rules, the pleadings only need set forth enough information to suggest that relief will be based on some recognizable legal theory. Teletronics proprietary, Ltd. v. Meditronics, Inc., 687 F. Supp. 832, 836 (S.D.N.Y. 1988).

VII. The plaintiff has presented viable claims. The plaintiff's complaint is neither vague nor ambiguous. The claims are legally sufficient on their face. The plaintiff has stated facts that support his claims for relief. Hence, the plaintiff's Amended Complaint cannot properly be dismissed. In the plaintiff's Amended Complaint, he makes factual allegations which present a plain and clear statement of fact indicating a deprivation of his civil rights. Said plain and clear statements have sufficiently given notice to all defendants that by intentionally, wantonly and maliciously, utilizing a canine on the plaintiff after the situation was "under control," defendants violated his Eighth Amendment right to be free from "excessive use of force." As a result of the egregious actions in violation of the plaintiff's constitutional rights, the—

the plaintiff sustained permanent physical injuries. The unnecessary force and wanton infliction of pain implicates the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976) quoting Greg v. Georgia, 428 U.S. 153, 173 (1976). The defendants were aware of the "use of force," which possessed a "sufficiently culpable state of mind" and in which the plaintiff was in imminent risk of being injured by said canine, and chemical Agent.

As a result of their improper actions, the defendants inflicted cruel and unusual punishment upon the plaintiff in violation of his Eighth Amendment rights. In addition, the plaintiff has provided real factual evidence that are attached to this opposition, verifying the wanton infliction, and the inconsistent statements from the defendants.

Therefore, it is very inappropriate to set a judgement to dismiss the plaintiff's allegations regarding defendants Myers, Coates, Regan, Salius and Marinelli and Correctional Officer, McLaughlin

VIII.

## THE PLAINTIFF HAS STATED A CLAIM AGAINST DEFENDANTS, Former WARDEN Myers, MAJOR Coates, CAPTAIN Regan, LIEUTENANTS Salius and Marinelli and

Under 42 U.S.C. § 1983, a defendant's personal involvement in a deprivation of constitutional rights is a prerequisite to an award of damages. Blak v. Ceughlia 76 F.3d 72, 74 (2nd Cir. 1996). A defendant in a § 1983 action may not be held liable for damages merely because he held a high position of authority. See, e.g. Wright v. Smith, 21 F.3d 496, 501 (2nd Cir. 1994). Still a defendant who occupies a supervisory position may be found personally involved in the deprivation of a plaintiff's constitutionally protected liberty interests in several ways:

The defendant may have directly participated in the infraction... A supervisory official, after learning of the violations through a report or appeal, may have failed to remedy the wrong... A supervisory official may be liable because he or she created a policy or custom under which unconstitutional practices occurred, or allowed such a policy or custom to continue.... Lastly, a supervisory official may be personally liable if he or she was grossly negligent in managing subordinates who caused the unlawful condition or event...

VIII.

Williams v. Smith, 781 F.2d 319, 323-24 (2nd Cir.) (1986). (citations omitted). In addition, supervisory liability may be imposed where an official demonstrates "gross negligence" or "deliberate indifference" to the constitutionally protected rights of inmates by failing to act on information indicating that unconstitutional practices are taking place. McCann v. Coughlin, 698 F.2d 112, 125 (2nd Cir. 1983); See also Meriwether v. Coughlin, 879 F.2nd 1037, 1048 (2nd Cir. 1989) (liability can be imposed when an official has actual or constructive notice of unconstitutional practices and fails to act.

A. <u>Warden Myers,</u> and B. Major Coates, C. Captain Regan,

Where an official has actual or constructive notice of unconstitutional practices by staff, supervisory liability may be imposed. Meriwether, 879 F.2d at 1048. A supervisory official may be personally liable if he or she was grossly negligent in managing subordinates who cause the unlawfull condition or event. Ramirez v. Coughlin, 919 F. Supp. 617, 623 (N.D.N.Y. 1996). Where a supervisor learns of a violation and fails to remedy the wrong, that individual may be liable. Pacheco v. Comisse, 897 F. Supp. 671, 678 (N.D.N.Y. 1995),

X.

A. Warden, Myers.
B. Major, Coates

In Incident Report - Supplement Page 4 of 16 of the Incident prepared by Lt. Marinelli on Dec 20, 2002. These defendants were notified a half an hour after the Incident tookplace, And on March 25, 2003, a request to Warden, Myers from the plaintiff, notifying him about the Incident that took placed on Dec. 20, 2002 Major. Coates at that time was acting Warden So he to had full knowlege about the Incident that took place.

C. Captain, Regan

He was, thought to be the second shift supervisor, which was mistakely told to plaintiff by other staff member.

D Lt. Marinelli

Was involved personally, and deployed chemical agent on both Inmates, which the plaintiff is a real bad asthmatic

XI.

E. Sgt. Salius, was also personally involved and also deployed chemical agent.

"Motion For Judgement should be denied

Plaintiff
Jermaine Jones
By [signature]
Jermaine Jones #204600
MacDougall CI
1153 East Street South
Suffield CT. 06080

### CERTIFICATION

I hereby certify that a copy of the following was mailed to the following on this 19th day of December, 2004

Matthew B. Beizer
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105

Jermaine Jones
By [signature], Plaintiff
MacDougall CI, # 204600
1153 East Street South
Suffield CT. 06080

XII.